## In re ENTERPRISE MORTGAGE ACCEPTANCE CO., LLC, SECURITIES LITIGATION

### No. 1495.

Judicial Panel on Multidistrict Litigation.

Dec. 16, 2002.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ, Judges of the Panel.

### *TRANSFER ORDER*

WM. TERRELL HODGES, Chairman.

This litigation currently consists of the seven actions in the Southern District of New York and one action in the District of Connecticut listed on the attached Schedule A. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by defendants Enterprise Mortgage Acceptance Company, LLC (EMAC); Koch Industries, Inc.; and Koch Capital Services, LLC for coordinated or consolidated pretrial proceedings of this litigation in the Southern District of New York. Plaintiffs in the District of Connecticut action oppose transfer of their action.

On the basis of the papers filed and hearing session held, the Panel finds that these eight actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These eight actions share allegations that EMAC and others made fraudulent mis-

---

* Judge Sear took no part in the decision of this matter.

representations and omissions in connection with the sale of interests in securitized loans to certain institutional investors between 1998 and 2000. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

The Southern District of New York stands out as the appropriate transferee forum for this litigation. We note that seven of the eight actions are pending in this district and have been consolidated before one judge. In addition, relevant documents and witnesses can be expected to be found within the Southern District of New York because the consulting firm closing the affairs of EMAC, which has ceased operations as an active business, is located there, as are the various investment banks involved in the securities offerings.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on the attached Schedule A and pending outside the Southern District of New York is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Shirley Wohl Kram for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

### SCHEDULE A

*MDL–1495—In re Enterprise Mortgage Acceptance Co., LLC, Securities Litigation*

   *District of Connecticut*
   *Diversified Asset Securitization Holdings I, LP, et al. v. Enterprise Mortgage*

*Acceptance Co., LLC, et al.,* C.A. No. 3:02–1024

*Southern District of New York*

*In re EMAC Securities Litigation,* C.A. No. 1:02–2237

*ING Investment Management, LLC, et al. v. Enterprise Mortgage Acceptance Co., LLC, et al.,* C.A. No. 1:02–2369

*Northern Life Insurance Co., et al. v. Enterprise Mortgage Acceptance Co., LLC, et al.,* C.A. No. 1:02–2941

*Nationwide Life Insurance Co., et al. v. Enterprise Mortgage Acceptance Co., LLC, et al.,* C.A. No. 1:02–4430

*Aetna Life Insurance Co., et al. v. Enterprise Mortgage Acceptance Co., LLC, et al.,* C.A. No. 1:02–4455

*Physicians Life Insurance Co. v. Enterprise Mortgage Acceptance Co., LLC, et al.,* C.A. No. 1:02–4553

*Great Southern Life Insurance Co., et al. v. Enterprise Mortgage Acceptance Co., LLC, et al.,* C.A. No. 1:02–4653